UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62074-CIV-MARRA/MATTHEWMAN

KEVIN BUCKLER and VERONICA
EKANEM,

Plaintiffs,

vs.

SCOTT J. ISRAEL, et al.,

Defendants.
_____/

**OPINION AND ORDER**[1]

This cause is before the Court upon Defendants' Motion to Dismiss Amended Complaint; or in the Alternative Motion to Strike (DE 21). The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

On April 14, 2014, the Court granted in part and denied in part Defendants' Motion to Dismiss, or in the Alternative, Motion to Sever Plaintiffs, and granted Plaintiffs leave to amend the Complaint. As part of that Order, the Court pointed out various paragraphs in the complaint that were improperly incorporated into some of the counts and permitted Plaintiffs to remedy this deficiency. Plaintiffs have now filed an Amended Complaint. (DE 20 and 24.)

Defendants now move to dismiss or, in the alternative, strike on the following bases: (1) the Amended Complaint improperly mixes state and federal claims for damages; (2) the Amended Complaint improperly incorporates certain Defendants in causes of action not brought

___

[1] The Court presumes familiarity with its prior Orders.

against them; (3) allegations against Defendant Brown do not support counts five and six; (4) count six improperly includes Defendants who are deputy sheriffs; (5) the term "intentional infliction of emotional distress" should be stricken and (6) the Court should reconsider its denial of the motion to sever and the denial of the motion to dismiss the official capacity suits.

## II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

A. Fair notice

The Court begins by addressing Defendants' claims that certain counts in the Amended Complaint improperly incorporate allegations and Defendants. The Court agrees with some of Defendants' concerns, but disagrees that it is a basis for outright dismissal because these deficiencies can be properly remedied by Plaintiffs.

The Court agrees that counts one, two and five improperly incorporate paragraphs 114-116. Indeed, those paragraphs address damages relating to federal constitutional claims, but those counts are state law tort claims. Next, the Court finds that paragraphs 9, 95, 102, 104, 107-08 and 111-13 are improperly incorporated into counts one and two. Thus, Plaintiffs shall amend the Complaints in accordance with this Order.

The Court also agrees that count three should be dismissed against Defendant Brown because there are no allegations of excessive force by him. However, the allegations regarding Defendant Brown are appropriate in counts five and six because the Amended Complaint does allege that he falsified police reports. Defendants' remaining complaints can be disregarded because the Court believes that, by reading the Amended Complaint as a whole, Defendant has been put on fair notice.

B. Motion to Strike

Defendants move to strike the use of the term "intentional infliction of emotional distress" in paragraphs 58 and 89 because "[t]hese words are terms of art for a cause of action which have not been plead in this case." (Mot. at 7.) The Court agrees that the use of this term is confusing in a pleading that does not plead the cause of action of intentional infliction of

3

emotional distress.  The term is therefore stricken.  See Fed. R. Civ. P. 12(f) (a party may move to strike "any redundant, *immaterial*, impertinent, or scandalous matter" within the pleadings) (emphasis added.)

### C.  Motion for Renew

Defendants also move to "renew" their request that the Court sever the claims of the two Plaintiffs and that the official capacity suits be dismissed against the officially named sheriff deputies. (Mot. at 1 n.1.)  Because it is unclear if Defendants raise this simply to preserve the argument or they wish for the Court to reconsider the argument, the Court will briefly discuss it.

With respect to the severance issue, the Court notes that it simply denied that motion without prejudice and will reconsider it after summary judgment.  Next, with respect to the official capacity claims against the deputy sheriffs, the Court does acknowledge that other courts in this Circuit have dismissed official capacity suits against individual government officials on the basis that these claims are identical to suits brought against the officer's agency.  See, e.g., M.R. v. Board of School Commissioners of Mobile County, No. 11–0245–WS–C, 2012 WL 2931263, at * 2 (S.D. Ala July 18, 2012) (dismissing an official capacity claim against an individual government official because an official capacity suit is a suit against the official's office and suits against both a local government official in his official capacity and the entity of which the officer is an agent is redundant).  Courts, however, are not required to do so.  See Patterson v. Walden, No. 13–0109–WS–B, 2013 WL 3153761, at * 3 (S.D. Ala. June 18, 2013) (official-capacity claims nominally raised against individual government officials are "routinely litigated to conclusion on the merits as the functional equivalent of a direct suit against the municipality itself.").  That being said, the Eleventh Circuit has affirmed a district court that: (1)

granted judgment as a matter of law in favor of the officially named defendants when the city remained as a defendant; (2) found that the city was actually the intended defendant and (3) found that keeping the officially named individual defendants was redundant and confusing to the jury. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Therefore, the Court will deny the motion without prejudice and Defendants may renew the motion at the appropriate time.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Amended Complaint; or in the Alternative Motion to Strike (DE 21) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs shall file an Amended Complaint **within 14 days of the date of entry of this Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of July, 2014.

_____
KENNETH A. MARRA
United States District Judge